# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PELOTON INTERACTIVE, INC. ) <br> ) <br> Defendant. ) | C.A. No. _____ <br><br> JURY TRIAL DEMANDED |

## ICON HEALTH & FITNESS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ICON Health & Fitness, Inc. ("ICON") hereby complains against defendant Peloton Interactive, Inc. ("Peloton") as follows:

### PARTIES

1. ICON is a corporation organized and existing under the laws of Delaware with its principal place of business located at 1500 South 1000 West, Logan, Utah 84321.

2. Peloton is a corporation organized and existing under the laws of Delaware with its principle place of business located at 158 West 27th Street, New York, New York 10001.

### JURISDICTION AND VENUE

3. This is an action for patent infringement pursuant to 35 U.S.C. § 271 *et seq*.

4. This Court has subject matter jurisdiction over the patent claims pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Peloton is incorporated in this District, and Peloton has purposefully availed itself of the benefits and protections of the laws of the State of Delaware.

6. Peloton intends to and does promote, use, offer for sale, and sell the infringing products and services described herein to customers in this District.

7. Peloton advertises, markets, sells, and offers its products and services through its websites, which advertising, marketing, selling, and offerings are available to the purchasing public across the United States, including in this District.

8. This Court's exercise of personal jurisdiction over Peloton is consistent with the Constitutions of the United States and the State of Delaware.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1400 because Peloton resides within this District and has committed, and continues to commit, acts of patent infringement within this District.

## INTRODUCTION

**ICON'S HISTORY OF INNOVATION**

10. ICON began building its business in 1977 upon creativity, investment, and hard work. This led to a stable, inventive, and diversified fitness company built upon hundreds of industry-leading patents and the most well-known brands in the industry, including NordicTrack®, ProForm®, and iFIT®.

11. ICON was the first to develop and commercialize interactive connected technology that allowed in-home, live, and on-demand instructor led classes with competition and leaderboards (i.e., iFIT) at least 12 years before Peloton was founded.

12. ICON demonstrated its first iteration of iFIT in the late 1990s at a well-known fitness sporting goods, team sport, and fitness tradeshow called the Atlanta Super Show at the Georgia World Congress Center. For that show, ICON created a remote studio-based treadmill class that was led by an instructor located at ICON's headquarters in Utah and presented remotely to class participants in Atlanta. The instructor led the remote users through a treadmill class, and the speed and incline of the users' treadmills was remotely controlled by the instructor

in Utah. Nothing like this had been seen in the fitness industry. ICON was awarded many industry-leading patents covering this technology.

13. Many of those industry-leading patents allowed ICON to be the sole provider of treadmills, exercise bikes, rowers, ellipticals, and cabled strength machines with a remote-control feature for nearly 20 years. ICON invested a tremendous amount of time and resources to develop its remote-control technology nearly 20 years ago, and it has continued to invest in further generations of this technology. ICON must protect that investment and the patent rights it has been granted—and expects to still be granted in the future—against infringers like Peloton.

14. ICON's United States Patent No. 10,864,407 ("'407 Patent") is an example of further generations of ICON's iFit technology. The '407 Patent generally discloses and claims technology to automatically control an exercise device in conjunction with an interactive integrated weight system. This system allows a user to obtain the benefit of automatic control and programming customized for their fitness goals, and seamlessly integrates both aerobic (cardio) and anaerobic (weight/resistance training) into a single exercise using a single device.

15. ICON's '407 Patent teaches a system that allows users to save space and time, and still obtain the benefit of a customized, automatically controlled, combined cardio and strength training workout.

**PELOTON'S HISTORY OF INFRINGEMENT AND LACK OF INNOVATION**

16. Since its inception, Peloton has proved itself an infringer and demonstrated a pattern of copying ICON's innovations:

- In 2016, ICON was forced to sue Peloton for patent infringement based on its first and then only product, the Peloton Bike. That case was resolved.

- In 2020, ICON was also forced to sue Peloton for patent infringement by Peloton's Tread product. That case is currently pending in this Court, *Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, CA No. 20-662-RGA.

- Also in 2020, Peloton's pattern of infringement required ICON to bring another patent infringement case based upon Peloton's release of its Bike+. That case is currently pending in this Court, *ICON Health & Fitness, Inc. v. Peloton Interactive, Inc.*, CA No. 20-1386-RGA.

- ICON has now been forced to file the current action—the fourth patent infringement case against Peloton.

## PELOTON'S CURRENT INFRINGEMENT

**BIKE+ IS THE MOST RECENT EXAMPLE OF PELOTON'S PATTERN OF COPYING ICON'S TECHNOLOGY**

17. Peloton's most recent infringement relates to its Bike+ product.

18. Peloton began offering the Bike+ and associated app on September 9, 2020, which incorporates ICON's patented automatic control and interactive integrated weight system as a key new feature. Peloton calls the automatic control "Auto Follow." Auto Follow automatically adjusts the bike's resistance to match an instructor's callout:



19. Peloton advertises the Auto Follow feature as key to its new premium Bike+ product. Bike+ consumers and media outlets praise Peloton's Auto Follow feature—apparently unaware that Peloton, rather than innovating, is actually infringing ICON's longstanding intellectual property rights.

20. Auto-Follow is paired with a weight cradle on the Bike+ and other features that tell a user when to alternate between using the free weights and using the Bike+ (e.g., the information timeline). Below is a high-level depiction of this arrangement:



21. The information timeline informs the user by icon and text where she is in the workout by showing elapsed time and time remaining, as well as the type of workout being performed and when to alternate exercises (e.g., cycling, weights, or some combination of exercises). This feature also infringes upon ICON's intellectual property rights, including ICON's '407 Patent. Below is another example of the information timeline that contains icons representing cardio and weight lifting portions of the workout.



22. Peloton prominently advertises its automatic control and interactive integrated weight system, allowing users to benefit from both a cardio and strength training exercise by using ICON's patented features:





23. In addition to the praise for the infringing Auto Follow feature, media outlets are also highlighting the swiveling screen as well. The swiveling screen can facilitate a user alternating between a cardio and strength training workout, as stated in Peloton's advertising above.

24. Forbes reviewed the Bike+ and called the swiveling screen (along with the Auto-follow feature) a "crucial feature." Forbes characterizes this feature as "much more important now [that] Peloton creates all kinds of exercise classes, not just spin-style ones." (https://www.forbes.com/sites/andrewwilliams/2020/09/08/peloton-bike-adds-four-crucial-features-one-just-for-apple-watch-owners/#5ac70316476a).

25. Market Insider also published an article titled "the 5 coolest features of Peloton's new $2,500 premium bike, from a rotating high-definition screen to automatic resistance control." Yet again, the swiveling screen, along with the infringing Auto-follow feature, is called out as one of the "coolest features" on the Bike+. (https://www.businessinsider.com/5-of-the-

coolest-features-of-pelotons-new-premium-bike-2020-9#rotating-high-definition-touch-screen-1).

26. ICON's swiveling screen is patent pending (U.S. App. No. 17/066,485) and was used by ICON long before Peloton's Bike+. Below is an advertisement of ICON's swiveling screen feature and its interactive integrated weight system that pre-dates Peloton's use:



27. Peloton is not only infringing upon ICON's '407 patent by incorporating Auto Follow and an interactive integrated weight system into its Bike+ product, it is facilitating that infringement by also using ICON's patent pending swivel screen as well.

28. Peloton's Auto Follow feature and its interactive integrated weight system are important features to Peloton that drive demand for the Bike+, and have allowed Peloton to charge a $600 premium for the Bike+ compared to its original Bike that does not include the infringing features.

29. Unless enjoined by this Court, Peloton will continue its pattern of infringement and disregard for ICON's intellectual property.

## COUNT I

### (Infringement of the U.S. Patent No. 10,864,407)

30. By this reference ICON realleges and incorporates the foregoing paragraphs as though fully set forth herein.

31. The '407 Patent was filed on March 12, 2019 and issued on December 15, 2020. ICON is the owner of all rights, title, and interest in the '407 Patent. The '407 Patent is valid and enforceable. A copy of the '407 Patent is attached hereto as Exhibit A.

32. The '407 Patent discloses and claims technology that is an improvement over prior art in that it provides for an exercise machine that is automatically controlled by programmed instructions, seamlessly integrates aerobic and anaerobic exercise with free weights and a cradle, and instructions regarding alternating use between the exercise machine and the free weights. The '407 Patent's new solution for a diverse and streamlined workout routine at home, that is also time and space-conscious, was not well-understood, routine, or convention at the time.

33. In violation of 35 U.S.C. § 271(a), Peloton makes, uses, offers to sell, and sells its Bike+ and associated app and thereby directly infringes the '407 Patent. Peloton's Bike+ and associated app are exercise machines comprising (1) a free weight cradle configured to hold one or more free weights; (2) an exercise element that is movable with respect to the free weight cradle during a performance of a programmed workout; (3) a console that incorporates a display and a speaker; (4) one or more processors; (5) memory storing programmed instructions of the programmed workout that, when executed by the one or more processors, cause the one or more processors to: automatically control, by the programmed instructions of the programmed workout, an operating parameter of the exercise element during the performance of the

programmed workout; and (6) automatically present, by the programmed instructions of the programmed workout, exercise instructions regarding alternating use of the exercise element, and of the one or more free weights, during the performance of the programmed workout.

34.     Peloton's Bike+ and associated app satisfy each and every limitation of at least claim 1 of the '407 Patent. Peloton thereby directly infringes one or more claims of the '407 Patent.

35.     Peloton's infringement of the '407 Patent will continue to damage ICON's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

36.     Peloton's acts of infringement have caused damage to ICON. Thus, in addition to injunctive relief, ICON is entitled to recover the damages sustained as a result of Peloton's wrongful acts in an amount subject to proof at trial.

37.     By reason of the foregoing, ICON is entitled to relief against Peloton, pursuant to at least 35 U.S.C. §§ 283–85.

## PRAYER FOR RELIEF

WHEREFORE, ICON requests relief as follows:

A.  A judgment finding Peloton liable for infringement of one or more of the claims of the '407 Patent;

B.  Orders of this Court temporarily, preliminarily, and permanently enjoining Peloton, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any claim of the '407 Patent pursuant to at least 35 USC § 283;

C. An award of damages to ICON for infringement of the '407 Patent, in an amount to be proved at trial, pursuant to all applicable law, including at least 35 U.S.C. § 284;

D. An award of treble damages to ICON, pursuant to all applicable law, including at least 35 U.S.C. § 284;

E. A declaration that this case is an exceptional case;

F. An award of ICON's costs in bringing its action, pursuant to all applicable law, including at least 35 U.S.C. § 284;

G. An award of ICON's attorneys' fees in its action, pursuant to all applicable law, including at least 35 U.S.C. § 285;

H. Imposition of a constructive trust on, and an order requiring a full accounting of, the sales made by Peloton as a result of its wrongful or infringing acts alleged herein;

I. Pre-judgment interest, pursuant to at least 35 U.S.C. § 284;

J. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a);

K. Any and all other relief to which ICON may show itself to be entitled; and

L. Such other and further relief as this Court shall deem just and proper.

## **JURY DEMAND**

ICON hereby demands a jury trial on all issues so triable in this case.

| | |
|---|---|
| | /s/ Frederick L. Cottrell, III |
| OF COUNSEL: | Frederick L. Cottrell, III (#2555) |
| | Christine D. Haynes (#4697) |
| David R. Wright | Richards, Layton & Finger, P.A. |
| MASCHOFF BRENNAN GILMORE | 920 N. King Street |
| ISRAELSEN & WRIGHT PLLC | Wilmington, DE  19801 |
| 111 South Main Street, Suite 600 | (302) 651-7700 |
| Salt Lake City, Utah 84111 | cottrell@rlf.com |
| (801) 297-1850 | haynes@rlf.com |
| | |
| Tyson K. Hottinger | *Attorneys for Plaintiff ICON Health & Fitness, Inc.* |
| MASCHOFF BRENNAN GILMORE | |
| ISRAELSEN & WRIGHT PLLC | |
| 100 Spectrum Center Drive, Suite 1200 | |
| Irvine, California 92618 | |
| (949) 202-1900 | |

Dated:  April 7, 2021