IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

iFIT INC.,

    Plaintiff,

v.

PELOTON INTERACTIVE, INC.,

    Defendant.

Civil Action No. 21-507-RGA

MEMORANDUM ORDER

Before me is Defendant's Motion to Dismiss the First Amended Complaint. (D.I. 13). I have reviewed the parties' briefing. (D.I. 14, 17, 18). For the reasons that follow, this motion is GRANTED-IN-PART and DENIED-IN-PART.

## I. BACKGROUND

On April 7, 2021, Plaintiff iFIT Inc.[1] filed this action against Defendant Peloton Interactive, Inc. alleging that Peloton's Bike+ directly infringes U.S. Patent No. 10,864,407 ("the '407 patent"). (D.I. 1). Peloton moved to dismiss iFIT's claim for enhanced damages for failure to state a claim. (D.I. 8). Specifically, Peloton argued that the original complaint contained no allegations of willful infringement. (D.I. 9 at 4). Rather than oppose the motion, iFIT filed its First Amended Complaint. (D.I. 11). In its First Amended Complaint, iFIT alleges: "Peloton was aware of the application which led to the '407 Patent at the

---

[1] At the time the original complaint was filed, Plaintiff was named ICON Health & Fitness, Inc. On August 9, 2021, ICON changed its name to iFIT Inc. (D.I. 19).

1

commencement of the 1386 action[2] between [iFIT] and Peloton where [iFIT] asserted U.S. Patent 10,293,211, of which the '407 Patent is a continuation," (*id.* at ¶ 29); "At the latest, Peloton became aware of the '407 Patent when this action was served," (*id.* at ¶ 30); "Despite Peloton's prior knowledge of the '407 Patent, including but not limited to knowledge of the '407 Patent as a result of [iFIT]'s original complaint, Peloton continues to market and sell the infringing Bike+ product," (*id.* at ¶ 31); and "Peloton's ongoing infringement is willful." (*Id.* at ¶ 39). Peloton filed a second motion to dismiss iFIT's claims for willful infringement and enhanced damages in the First Amended Complaint. (D.I. 13).

## II. LEGAL STANDARD

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## III. DISCUSSION

### A. Willful Infringement

A determination of willfulness requires a finding of "deliberate or intentional" infringement. *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). A finding of "subjective willfulness," proof that the accused infringer acted in the face of a risk of

---

[2] *iFIT Inc. v. Peloton Interactive, Inc.*, No. 20-1386-RGA.

infringement that was "either known or so obvious that it should have been known to the accused infringer," can satisfy this standard. *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 101 (2016)), *rev'd on other grounds*, 138 S. Ct. 2129 (2018). Therefore, to plead a claim of willful infringement, the complaint must allege that the accused infringer knew of the patent-in-suit, and knowingly or intentionally infringed the patent after acquiring that knowledge. *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378–79 (Fed. Cir. 2020).

Peloton argues that iFIT fails to allege knowledge of the asserted patent sufficient to support a claim for willful infringement. (D.I. 14 at 5). iFIT alleges that Peloton had pre-suit knowledge of the '407 patent because it knew of the patent application that later issued as the '407 patent. (D.I. 11 at ¶ 29). Knowledge of a patent application alone, however, is not enough to establish knowledge of the patent(s) that issued from that application and therefore not enough to establish willfulness. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985); *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 2019 WL 5626647, at *3 (D. Del. Oct. 31, 2019), *report and recommendation adopted*, 2019 WL 11663798 (D. Del. Nov. 15, 2019). As the Federal Circuit has noted,

> To willfully infringe a patent, the patent must exist and one must have knowledge of it. . . . Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.

*State Indus.*, 751 F.2d at 1236. Thus, iFIT's allegation that Peloton was aware of the '407 patent application six months prior to this suit is insufficient to support iFIT's willfulness claim.

iFIT also alleges that Peloton knew of the '407 patent as of the filing of its original complaint. (D.I. 11 at ¶ 30). I think this is irrelevant. My view is that an amended complaint

3

cannot rely upon the original complaint as a basis to allege knowledge for a willful infringement claim. *Wrinkl, Inc. v. Facebook, Inc.*, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021). Thus, iFIT has failed to sufficiently allege knowledge of the asserted patent to support its willful infringement claim.

Even if iFIT had sufficiently alleged knowledge of the '407 patent, mere knowledge of the patent cannot support an allegation of willful infringement. *Evonik Degussa GmbH v. Materia, Inc.*, 305 F. Supp. 3d 563, 577 (D. Del. 2018). iFIT must plead both knowledge of the patent and of the infringement. *Id.* iFIT alleges that despite Peloton's knowledge of the patent, it continues to sell the infringing Bike+ product. (D.I. 11 at ¶ 31). This is insufficient. The Federal Circuit has instructed, "Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). iFIT has failed to allege that Peloton knowingly or intentionally infringed the patent as is required to state a claim for willfulness.

In sum, iFIT has failed to state a claim for willful infringement because it has failed to plead that Peloton knew of the '407 patent and that Peloton knew of any alleged infringement. Thus, I will grant Peloton's motion to dismiss iFIT's claim for willful infringement in the First Amended Complaint.

### B. Enhanced Damages

I am not prepared to say that a finding of willfulness at trial is an absolute prerequisite to an award of enhanced damages. The Supreme Court has held that "we eschew any rigid formula for awarding enhanced damages under § 284." *Halo*, 579 U.S. at 107. And,

"enhanced damages . . . should generally be reserved for egregious cases *typified* by willful misconduct." *Id.* at 106 (emphasis added). What if the defendant's witnesses perjure themselves in depositions and then at trial? There is no reason to expect that in this case, but, as in any case, at the pleading stage, no one knows what will happen as the case progresses. That is why every case has boilerplate claims that the case is an exceptional case and the party should be awarded its attorneys' fees. We do not require any factual allegations supporting the plausibility of this assertion.

The parties do not cite any controlling case stating that a trial verdict of willfulness is an absolute prerequisite to an award of enhanced damages. Indeed, Peloton's brief concedes the possibility that there could be some other sort of egregious behavior that would be the basis for enhanced damages. (D.I. 14 at 7). Since I do not think a plaintiff has to plead anything in support of a boilerplate claim of enhanced damages, and since I cannot rule out what a defendant might later do, I will deny the motion to dismiss iFIT's claim of enhanced damages.

### IV. CONCLUSION

For the reasons discussed above, I will GRANT in part and DENY in part Defendant's Motion to Dismiss the First Amended Complaint. (D.I. 13). Plaintiff's claim for willful infringement is DISMISSED.

Entered this 28 day of January, 2022.

United States District Judge

5